UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

JUSTIN M. YOUNG, an individual,

    Plaintiff,

v.

SEAS & ASSOCIATES, LLC,
an Arkansas limited liability company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE TCPA AND FDCPA

1. This is an action for damages arising from Defendant's violations of 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act (TCPA) and 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (FDCPA). Plaintiff, Justin M. Young, alleges that Defendant, Seas & Associates, LLC, repeatedly and unlawfully placed calls to his cellular telephone in an attempt to collect an alleged consumer debt.

## JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. § 1331. This action arises under federal statutes. *See Mims v. Arrow Financial Services, LLC,* 565 U.S. 181

1

(2012). Venue in this district is proper because Defendant conducts business in this District, and the actions giving rise to this suit occurred within this District.

## PARTIES

3. Plaintiff, Justin M. Young ("Plaintiff"), is a natural person and a citizen of the State of Florida residing in Palm Beach County. Said Plaintiff at all times relevant herein exercised dominion and control over the cellular telephone to which Defendant was calling.

4. Defendant, Seas & Associates, LLC ("Defendant"), is an Arkansas limited liability company whose principal address is 8320 Highway 107, Suite A2, Sherwood, AR 72120 and whose registered agent for service of process in the State of Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

5. Defendant is a debt collector within the scope of the FDCPA since it engages in interstate commerce, using the mail and telephone in a business which regularly attempts to collect consumer debts allegedly owed to others.

6. Defendant is registered as a "consumer collection agency" with the Florida Department of Financial Regulation, license number CCA9903150. Under Fla. Stat. § 559.55(7), a Consumer collection agency means any debt collector or business entity engaged in the business of soliciting consumer debts for collection

or of collecting consumer debts, which debt collector or business is not expressly exempted as set forth in s.559.553(4).

## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

7. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

8. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when

3

> such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion,

Id. at § 12; cited in *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012). Congress also specifically found that:

> the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call….

*Id*. at §§ 12-13. *See also, Mims*, 132 S.Ct. at 744. Judge Easterbrook stated it this way:

> The Telephone Consumer Protection Act (TCPA or "the Act"), 47 U.S.C. § 227, is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

9. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *FCC Declaratory Ruling,* 23 F.C.C.R. at 565 (¶ 10).

4

## FACTUAL ALLEGATIONS

10.    The instant lawsuit stems from the telephonic collection efforts of Defendant. Since at least November 2013, Defendant has placed dozens of calls to Plaintiff's cellular telephone number, ###-###-2900 (the "2900 number").

11.    At all times relevant hereto, Plaintiff maintained dominion and control over the 2900 number, which is his personal cellular telephone number.

12.    Defendant left a series of pre-recorded messages in Plaintiff's voice mailbox. Each message was of substantially the following form:

> "Hello. Please contact Seas and Associates regarding an important business matter. You can reach our office at 866-277-2933. Our hours of operation are Monday through Thursday, 8 a.m. to 6 p.m. central time, and Friday, 8 a.m. till noon central time. This is an attempt to collect a debt from a debt collector. Thank you."

13.    The messages left on Plaintiff's voice mail service featured an identical cadence and timbre which suggests that each message was pre-recorded, rather than contemporaneously left by a human caller.

14.    On information and belief, Plaintiff alleges that the calls to his cellular telephone were made using an automatic telephone dialing system, or some other device which has the capability of delivering prerecorded or artificial voice messages.

15.    Plaintiff later learned that the "important business matter" referenced in the recorded messages related to an alleged, disputed debt to a local fitness club,

Gold's Gym.

16. At no time did plaintiff directly provide Defendant with his cellular telephone number or with permission to call him using an automatic telephone dialing system or pre-recorded messages.

17. Plaintiff, on more than one occasion, instructed the Defendant to cease placing the prerecorded calls to his cellular phone. As consequence, whatever consent Seas & Associates, LLC had, or believes it had, was effectively revoked pursuant to Plaintiff's instructions.

18. Regardless having been instructed to cease placing violative calls to Plaintiff's cellular telephone, the Defendant continues, to date, to place prerecorded calls in willful and knowing violation of the TCPA.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates the preceding paragraphs.

20. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone using an artificial or prerecorded voice; therefore, they were not legally permissible under any provision of the aforementioned statute.

WHEREFORE, Plaintiff, JUSTIN M. YOUNG, requests that the Court enter judgment in favor of Plaintiff and against Defendant SEAS & ASSOCIATES, LLC. for:

6

a. $500 dollars in statutory damages for each violation of the TCPA held not to be a knowing or willful violation;

b. $1500 dollars in statutory damages for each violation of the TCPA held to be a knowing or willful violation;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone through the use of an automatic telephone dialing system or prerecorded or artificial voice;

d. Attorney's fees, litigation expenses and costs of the instant suit to the extent provided for by law, and:

e. Such other or further relief as the Court deems proper.

## COUNT II
## UNFAIR MEANS OF DEBT COLLECTION AND/OR TELEPHONIC HARRASSMENT

21.   Plaintiff incorporates the preceding paragraphs.

22.   Defendant placed numerous and intrusive automated to Plaintiff – calls which Congress has deemed a "nuisance."

23.   Moreover, the subject calls were illegal and in violation of 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act.

24.   In sum, by utilizing an illegal method to collect the alleged debt – *i.e.*, violating the TCPA – Defendant has also consequently violated both sections 15 U.S.C. § 1692d and 15 U.S.C. § 1692f of the FDCPA. *See generally, Clarke v.*

*Weltman, Wienberg & Reis, Co., L.P.A.*, 10-60600-CIV-COHN, 2010 WL 2803975 (S.D. Fla. July 15, 2010).

WHEREFORE, Plaintiff, JUSTIN M. YOUNG, requests that the Court enter judgment in favor of Plaintiff and against Defendant SEAS & ASSOCIATES, LLC. for:

    a.    Damages, both statutory and actual;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: March 9, 2015.

                              Respectfully submitted,

                      By:    /s/ Scott D. Owens
                            Scott D. Owens, Esq.
                            Florida Bar No. 0597651
                            3800 S. Ocean Dr., Ste. 235
                            Hollywood, FL 33019
                            Tel    954-589-0588
                            Fax    954-337-0666
                            scott@scottdowens.com

                            *Attorney for Plaintiff*